IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LARRY WALKUP and BETTY WALKUP, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 12-1635-SLR-SRF |
| AIR & LIQUID SYSTEMS CORP., AKA BUFFALO PUMPS, INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Presently before the court in this diversity action are six Motions to Dismiss for Insufficiency of Service of Process (the "Motions to Dismiss" or "Motions") filed individually by the following Defendants:

> CBS Corp. (*see* D.I. 35);
> Union Carbide Corp. ("Union Carbide") (*see* D.I. 36);
> Dana Companies, LLC ("Dana") (*see* D.I. 37);
> Whitney Automotive Group ("Whitney") (*see* D.I. 41);
> Crane Co. ("Crane") (*see* D.I. 59), (together, the "Swartz[1] Defendants"); and
> Western Auto Supply Co. ("Western Auto Supply") (*see* D.I. 115).

The Plaintiffs, Larry and Betty Walkup ("Plaintiffs"), oppose the Motions of the Swartz Defendants (D.I. 52, 53, 54, 57, 74), and assert no position on the Motion of Western Auto Supply.[2] For the reasons which follow, I recommend that the court DENY the Swartz Defendants' Motions to Dismiss and GRANT Western Auto Supply's Motion to Dismiss.

---

[1] "Swartz" refers to the law firm of Swartz Campbell LLC, which represents all but one of the moving Defendants, namely, Western Auto Supply.

[2] Defendant Western Auto Supply filed its Motion to Dismiss on July 10, 2013. (D.I. 115) The deadline for Plaintiffs to respond to the Motion was July 29, 2013, pursuant to Local Rule 7.1.2(b). Plaintiffs did not respond to Western Auto Supply's Motion.

1

## II. BACKGROUND

The Plaintiffs filed this personal injury action on June 14, 2012, in the Superior Court of Delaware. (D.I. 35, Ex. A) On August 14, 2012, Plaintiffs filed their First Amended Complaint. (D.I. 1, Ex. A) The Complaint asserts various causes of action arising out of Larry Walkup's alleged exposure to asbestos throughout his employment and through personal construction work. (*Id.*, Ex. A ¶¶ 47-49)

Under the Delaware Superior Court's Standing Order No. 1, Plaintiffs had 60 days, or until August 13, 2012, to complete service of process for all Defendants. *See* Standing Order No. 1 ¶ 6, *In re: Asbestos Litig.*, No. 77C-ASB-2 (Del. Super. Ct. Apr. 29, 2011).[3] On August 21, 2012, Plaintiffs filed a motion for enlargement of time in which to serve Defendants.[4] (D.I. 35, Ex. C) The Superior Court granted Plaintiffs' motion on September 11, 2012 and gave Plaintiffs an additional 60 days, or until November 12, 2012, to complete service of process. (D.I. 52, Ex. 5)

Dana was served on August 14, 2012. (D.I. 54, Ex. 6)[5] CBS Corp. was served on October 31, 2012. (D.I. 53, Ex. 6) Union Carbide, Whitney, and Crane were served on November 1, 2012. (D.I. 52, Ex. 6; D.I. 57, Ex. 6; D.I. 74, Ex. 6)

The action was removed to this court on December 3, 2012. (D.I. 1) Defendants CBS Corp., Union Carbide, and Dana each filed a Motion to Dismiss on February 6, 2013. (D.I. 35, 36,

---

[3] A copy of Standing Order No. 1 is attached as an exhibit to each of the moving Defendants' opening briefs. (*See, e.g.*, D.I. 35, Ex. D)

[4] Plaintiffs filed a second, identical motion for enlargement of time on October 15, 2012. (D.I. 35, Ex. C) Although the record contains no documentary evidence to show whether the Superior Court granted this motion, a review of the Delaware Superior Court's publicly-available docket indicates that the motion was granted on October 31, 2012. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider . . . any . . . ['] items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" (citation omitted) (alteration in original)).

[5] Exhibit 6 submitted with D.I. 54 is erroneously labeled as Exhibit 4.

2

37) Whitney filed its Motion to Dismiss on February 8, 2013. (D.I. 41) Crane filed its Motion to Dismiss on March 6, 2013. (D.I. 59)

On May 28, 2013, the court held a Rule 16 scheduling conference. During the conference, Defendant Western Auto Supply indicated that it had not been served with the Complaint and reserved the right to assert service of process defenses. (D.I. 97 at 1 n.1) The court subsequently entered an Order on May 30, 2013, which imposed a June 28, 2013 deadline for Plaintiffs to effectuate service of process on any Defendant that had not been served. (*Id.*) On July 10, 2013, with service of process still incomplete, Western Auto Supply filed its Motion to Dismiss. (D.I. 115) Plaintiffs did not respond to Western Auto Supply's Motion.

### III.   LEGAL STANDARD

A defendant may file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) when a plaintiff fails to properly serve him or her with the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5). A plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) imposes a 120-day time limit for perfection of service following the filing of a complaint. Fed. R. Civ. P. 4(m). If service is not completed within that time, the action is subject to dismissal without prejudice. *Id. See also MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995); *Krieger v. Russell*, 267 F.R.D. 453, 454 (D. Del. 2010).

Courts conduct a two-part inquiry in deciding whether to extend a plaintiff's deadline to serve the defendant pursuant to Rule 4(m). *See Thompson v. Target Stores*, 501 F. Supp. 2d 601, 604 (D. Del. 2007). First, a court must determine whether there is good cause for the failure of proper service; if so, the court must extend the time for service and the inquiry is complete. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Second, if good cause is

not found, the court may, at its discretion, either grant an extension for service or dismiss the case without prejudice. *Id.* Courts generally consider three factors in determining whether good cause exists: "(1) whether the plaintiff has reasonably attempted to effect service; (2) whether the defendant is prejudiced by the absence of timely service; and (3) whether the plaintiff moved for an extension of time for effecting service." *Thompson*, 501 F. Supp. 2d at 604 (citing *United States v. Nuttall*, 122 F.R.D. 163, 166-67 (D. Del. 1988)). When evaluating good cause, courts should focus primarily on the plaintiff's reasons for failure to obtain good service within the time frame set forth by Rule 4(m). *Id. See also MCI Telecomms.*, 71 F.3d at 1097.

Conversely, when an action, such as the present case, is commenced in a state court and subsequently removed to federal court where service of process is contested, the federal court must look to the law of the state in which the action was commenced to determine the validity of service of process. *Yoder v. Yamaha Int'l Corp.*, 331 F. Supp. 1084, 1086 (E.D. Pa. 1971) (citing *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377 (1922); *Partin v. Michaels Art Bronze Co.*, 202 F.2d 541 (3d Cir. 1953)). *See also* 14 James Wm. Moore et al., Moore's Federal Practice § 81.04 (3d ed. 2010) ("After removal of an action to federal court, state procedural rules will continue to govern with respect to any issues that arose prior to removal. Thus, state law controls such procedural issues as questions concerning . . . the form, sufficiency, filing, and service of pleadings.").

## IV. DISCUSSION

### A. The Swartz Defendants' Motions to Dismiss[6]

The court should deny the Swartz Defendants' Motions because Plaintiffs properly served the individual Swartz Defendants within the time provided by the Delaware Superior Court in its

---

[6] The Swartz Defendants' Motions to Dismiss are virtually identical and, therefore, the analysis set forth in this section applies to their Motions collectively.

September 11, 2012 Order. The Superior Court exercised its discretion by extending the time for completion of service of process through November 11, 2012.

Furthermore, the Swartz Defendants offer no argument that merits the dismissal of Plaintiffs' claims. The Swartz Defendants contend that Plaintiffs' untimeliness in completing service warrants dismissal. (*See* D.I. 35 ¶ 6; D.I. 36 ¶ 6; D.I. 37 ¶ 6; D.I. 41 ¶ 6; D.I. 59 ¶ 8) Despite the arguably belated efforts by Plaintiffs to perfect service of process, the Delaware Superior Court granted their request for an extension of time. When a case pending in a state court is removed to a federal district court, any orders entered by the state court "remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. *See also Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 437 (1974). The Superior Court docket confirms that the Swartz Defendants were served within the extended time frame of November 11, 2012, as set by an order of the Superior Court. The Swartz Defendants have not persuaded this court that it should interfere with the Superior Court's decision to extend the time for service of process.

When a case is removed from Delaware State court to the federal District Court of Delaware, the case will proceed against those defendants properly served prior to removal. *See Wright v. Xerox Corp.*, 882 F. Supp. 399, 403 (D.N.J. 1995) (holding that the federal District Court of New Jersey "may exercise jurisdiction over any person who would be subject to the jurisdiction of the courts of the State of New Jersey"). *See also* 28 U.S.C. § 1448; Fed. R. Civ. P. 4(e); *North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 689 (3d Cir.), *cert. denied*, 498 U.S. 847 (1990). Consequently, the court should deny the Swartz Defendants' Motions to Dismiss.

### B. Western Auto Supply's Motion to Dismiss

The court should grant Western Auto Supply's Motion to Dismiss because Plaintiffs have

not served Western Auto Supply with the Complaint, despite having more than one year to do so. Plaintiffs failed to comply with this court's Order imposing a June 28, 2013 deadline to complete service of process for all Defendants. (D.I. 97) Specifically, Plaintiffs have made no effort to perfect service in this forum as required by the Federal Rules of Civil Procedure. Moreover, Plaintiffs failed to respond to Western Auto Supply's Motion. Thus, the Motion should be granted.

## V. CONCLUSION

For the foregoing reasons, I recommend that the court deny the Swartz Defendants' Motions to Dismiss and grant Western Auto Supply's Motion to Dismiss.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. Appx. 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order in Non-Pro Se Matters for Objections Filed Under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: September 26, 2013

Sherry R. Fallon
United States Magistrate Judge