IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LARRY WALKUP and BETTY WALKUP, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. No. 12-1635-SLR-SRF |
| ) | |
| AIR & LIQUID SYSTEMS CORP., a/k/a ) | |
| BUFFALO PUMPS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

At Wilmington this 8th day of September, 2014, the court having reviewed the Report and Recommendation issued by Magistrate Judge Sherry R. Fallon, as well as the objections thereto; the court accepts the recommendation of the Magistrate Judge for the reasons that follow:

1. Plaintiffs filed the above captioned litigation against a number of defendants on June 14, 2012, in the Superior Court of the State of Delaware. On August 14, 2012, defendants Nash Engineering Company ("Nash") and Air & Liquid Systems Corporation ("Buffalo Pumps") were added as parties to the litigation. Plaintiffs assert various causes of action arising out of plaintiff Larry Walkup's (LW's) alleged exposure to asbestos throughout his employment, including during his service in the U.S. Navy as a shipfitter and engineman on the USS Lorain County from 1959 to 1962.

2. The case was removed to this court pursuant to 28 U.S.C. § 1442(a)(1), the federal officer removal statute. Product identification discovery is closed. Defendants

Nash and Buffalo Pumps filed summary judgment motions, to which plaintiffs responded. Magistrate Judge Fallon, in her Report and Recommendation, concluded that plaintiffs failed to identify sufficient evidence to withstand summary judgment.

3. More specifically, the record evidence, viewed in a light most favorable to plaintiffs as the nonmoving parties, indicates the following: (a) during the years 1959 to 1962, LW worked on ballast pumps in engine room number two, as well as boilers, evaporators, and valves in engine room number four; (b) LW also performed work in the ship's distillery plant, and two rooms near engine room number two which housed pumps; (c) LW did not identify Buffalo Pumps as a manufacturer of asbestos products or otherwise at any point during his depositions; (d) during his first deposition, LW identified Nash as a manufacturer of pumps onboard the ship, but later testified that he could not recall working on a Nash pump during his Navy service; (e) plaintiff submitted documents[1] which indicate that the following equipment was onboard: as to Nash, one fresh water priming pump, one clean ballast pump priming unit, and six salt water pump priming units; as to Buffalo Pumps, two distiller brine overboard pumps, two distiller distillate pumps, two distiller first effect tube nest drain pumps, and two ballast pumps.

4. The question before Magistrate Judge Fallon was whether the above evidence was sufficient to raise a genuine issue of material fact as to causation under maritime law. There is no dispute that, at trial, plaintiffs would have to demonstrate that

---

[1] A document entitled "Trial Report," apparently based on an inspection of the USS Lorain County performed by the "Board of Inspection and Survey" in September 1958. Although plaintiffs also submitted diagrams that purport to show the layout of equipment in engine room number four and the "pump & valve control room," the text within the diagrams (which purportedly identifies the individual pieces of equipment depicted) is largely incomprehensible, according to Magistrate Judge Fallon.

LW was exposed to each defendant's products, which products were a substantial factor in causing the injuries claimed by plaintiffs. See Lindstrom v. A-C Prod. Liab. Trust, 424 F.3d 488, 492 (6th Cir. 2005). Absent direct evidence of exposure to a defendant's products (such as testimony of an eye-witness), "'**substantial** exposure is necessary to draw an inference from circumstantial evidence that the exposure was a **substantial** factor in causing the injury.'" Stark v. Armstrong World Indus., Inc., 21 F. Appx. 371, 376 (6th Cir. 2005) (quoting Harbour v. Armstrong World Indus., Inc., Civ. No. 90-1414, 1991 WL 65201, at *4 (6th Cir. April 25, 1991)) (emphasis in original). To put the point another way, "'[m]inimal exposure' to a defendant's product is insufficient [to establish causation]. Likewise, a mere showing that defendant's product was present somewhere at plaintiff's place of work is insufficient." Lindstrom, 424 F.3d at 492 (quoting Stark, 21 F.Appx. at 376). See also Abbay v. Armstrong Int'l, Inc., 2012 WL 975837, at 1 n.1 (E.D. Pa. Feb. 29, 2012).

5. I find that LW's deposition testimony is insufficient to raise a genuine issue of material fact as to whether he was exposed to either of defendant's products. The documents submitted, assuming their authenticity for purposes of this proceeding, provide circumstantial evidence of such exposure, confirming that certain of defendants' products were on board the USS Lorain County in 1958, the year before LW's service began. Given the elevated burden of proof imposed on plaintiffs at trial, however, I find no error in Magistrate Fallon's conclusion that even these documents do not raise genuine issues of material fact as to whether LW was **substantially** exposed to either of defendant's products.

6. For the above reasons, defendants' motions for summary judgment are granted, consistent with the recommendation of Magistrate Judge Fallon. A separate order shall issue.

_____
United States District Judge